Case 6:25-cv-00360-GAP-UAM    Document 1-2    Filed 03/03/25    Page 1 of 44 PageID 15

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

DARREN HUNTER
305 Deano Way
Harleysville, PA 19438

                        Plaintiff,

        v.

NETFLIX INC.,
4612 L B McLeod Road
Orlando, Florida 32811

And

ADAM MCKAY,
c/o 750 N San Vicente Blvd.
#RE 1550
West Hollywood, CA 90069

And

SCOTT STUBER,
c/o 450 N Roxbury Dr
8th Fl.
Beverly Hills, CA 90210

And

DAVID SIROTA,
1823 Ivy St,
Denver, CO 80224

And

HYPEROBJECT PRODUCTIONS, INC.,
d/b/a Hyperobject Industries
11812 San Vicente Blvd, 4th Floor
Los Angeles, CA, 90049

                    Defendants.

**Case No:**

1

## COMPLAINT

Plaintiff DARREN HUNTER ("Plaintiff" or "Hunter") files this Complaint against Defendants ADAM MCKAY ("McKay"), SCOTT STUBER ("Stuber"), NETFLIX, INC. ("Netflix"), DAVID SIROTA ("Sirota"), HYPEROBJECT PRODUCTIONS INC. d/b/a Hyperobject Industries ("Hyperobject"); BLUEGRASS FILMS, INC. ("Bluegrass Films"), (collectively "Defendants"). Defendants McKay, Stuber, Netflix, Sirota, and Hyperobject, jointly and severally, each and every one of time acting together in concert, (collectively "Defendants") have unlawfully copied and exploited original elements from Hunter's book *"The Million Day Forecast"* (hereinafter "THE BOOK") in their film *"Don't Look Up"* (hereinafter "THE MOVIE"), without Hunter's authorization or consent.

## JURISDICTION AND VENUE

1.      This is an action for defamation and damages in excess of $50,000, exclusive of interest, costs, and attorney's fees.

2.      Venue is proper in Orange County, Florida because a substantial part of the events or omissions giving rise to the claims occurred in this circuit, and Defendant Netflix has offices in this circuit and does substantial business in this circuit.

## THE PARTIES

3.      At all times herein relevant, Plaintiff DARREN HUNTER was and is an individual residing in Pennsylvania, and the sole author of the wholly original book *"The Million Day Forecast."*

4.      Defendant Netflix is a Delaware corporation with offices in Orlando, which is in Orange County Florida. The MOVIE was placed on Defendant Netflix's platform for streaming by persons residing in this judicial circuit, nationally, and worldwide.

5.      Defendant McKay is an individual and a citizen of California. He is credited as the writer, co-producer, and director of the MOVIE.

6.      Defendant Sirota is an individual and a citizen of Colorado. Defendant Sirota is credited as a co-writer of the MOVIE.

7.      Defendant Stuber is an individual and a citizen of California. At all material times, Defendant Stuber was the chairperson of Defendant Netflix and credited as a co-producer of the MOVIE.

8.      Defendant Hyperobject is a California corporation with its principal place of business in Los Angeles County, California. Defendant Hyperobject was founded by and is owned by Defendant McKay and produced the MOVIE.

## STANDING

9.      Plaintiff HUNTER has standing to bring this action because he has been directly affected, victimized, and severely damaged by the unlawful conduct complained herein.

10.     His injuries are directly and proximately projected into and caused by the substantial and severe illegal and other tortious conduct of the Defendants, jointly and severally, each and every one of them acting together in concert as joint tortfeasors, in this district, domestically and worldwide. Florida with a population of over 22 million residents and citizens and this district in particular are a huge entertainment and media market for Netflix.

## THE FACTS
### *Background Facts*

11.     Plaintiff is an accomplished author of American literature, in California and is the sole author of the original book titled *"The Million Day Forecast"* about a protagonist who discovers an imminent cosmic threat and faces the challenge of convincing a skeptical and indifferent society to take action. The story focuses on themes of scientific discovery, societal disbelief, and the difficulty of mobilizing people in the face of a looming disaster. It also delves into the darker sides of humanity, particularly on existential crisis and disaster.

12.     This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.,. Plaintiff Darren Hunter ("Hunter") is the sole author and copyright owner of the wholly original BOOK, *"The Million Day Forecast."*

13.     Plaintiff further seeks relief for the Defendants' infringement of his exclusive rights under the Copyright Act, including but not limited to, the right to reproduce, distribute, and publicly display the copyrighted work.

14.     This is a civil action for copyright infringement, contributory copyright infringement, vicarious copyright infringement, and declaratory judgment. Plaintiff seeks redress for the Defendants' unauthorized use, reproduction, and exploitation of Plaintiff's original literary work in the creation, distribution, and promotion of the film and script of THE MOVIE. Plaintiff alleges that the Defendants have directly infringed upon Plaintiff's copyrights by copying and incorporating substantial elements from Plaintiff's work into their film. Additionally, the Defendants are liable for contributory and vicarious copyright infringement by actively inducing, enabling, and profiting from the infringement conducted by others.

15.     Plaintiff asserts a claim for unjust enrichment, as Defendants have profited from the use of Hunter's intellectual property without compensating him for his contributions, thereby unjustly enriching themselves at Hunter's expense.

4

16.     Plaintiff seeks a declaratory judgment affirming his rights under the Copyright Act, and demands all appropriate remedies, including damages, statutory damages, attorneys' fees, and injunctive relief. Plaintiff seeks declaratory judgment to confirm and establish his rights in the original work, an injunction to prevent further infringement, actual and statutory damages, restitution for the unjust enrichment obtained by Defendants, and any other relief the Court deems just and proper.

17.     The acts giving rise to this Complaint, including but not limited to the Defendants' deceptive and unfair trade practices, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, were intentionally directed at Florida residents and citizens by the Defendants, as the MOVIE was produced for, marketed to, advertised to Florida residents and citizens, sold with subscriptions to Defendant Netflix and made available to stream to Florida residents and citizens, and were in fact streamed by numerous Florida residents. Florida is the nation's third largest media market and the Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, profited handsomely from THE MOVIE being targeted and intentionally directed at Florida residents and citizens.

18.     Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, do substantial business in the state of Florida, and in particular in this circuit.

19.     In large part, Defendant Netflix's substantial business and minimum contacts in Florida, in concert with each and every co-Defendant joint tortfeasors, is furthered and implemented through its offices in Florida, and in particular its office in Orlando, Florida in this judicial circuit.

20. Therefore, material portions of the acts giving rise to this Complaint occurred and/or were furthered by and through Defendant Netflix's offices in Orlando, Florida.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21. Plaintiff repeats, alleges, and incorporates by reference the above paragraphs as though fully set forth herein.

22. In or about 2015, Plaintiff authored the wholly original BOOK entitled "*The Million Day Forecast.*" Plaintiff registered the BOOK with the U.S. Copyright Office (USPTO Registration Number TXu002396788).

23. Under the Copyright Act (17 U.S.C. § 102(a)), Plaintiff secured a statutory copyright in the BOOK the moment it was fixed in a tangible medium of expression (i.e., when it was written) and regardless of whether or when the screenplay was published or registered.

24. Under the Copyright Act (17 U.S.C. § 102), copyright is defined as a form of protection provided to the authors of "original works of authorship," including literary, dramatic, musical, artistic, and certain other intellectual works. This protection is available to both published and unpublished works. Copyright protection grants the author exclusive rights to reproduce, distribute, perform, display, and create derivative works based on the original work.

25. In 2015 and 2017, Plaintiff distributed copies of his book to various individuals and entities within the entertainment industry, including representatives connected to the each and every one of the Defendants. Thus, each and every one of the Defendants knew about the BOOK and its plot.

26. At no time was a "Literary Purchase Agreement" or any similar contract signed, granting any rights or permissions related to the BOOK.

27.     Plaintiff Hunter is the owner of all copyright rights in and to the BOOK, and has never assigned, licensed, or otherwise transferred its copyright protection to any of the Defendants or any third party

28.     In or around 2019, Defendant McKay claims to have drafted the initial script for the MOVIE. McKay claims that the script was inspired by a conversation with Defendant Sirota, who allegedly drew a comparison between public apathy towards climate change and the hypothetical scenario of ignoring a comet heading towards Earth. As a result, Defendant Sirota is credited as the co-writer of MOVIE.

29.     Defendant Netflix announced the production of the MOVIE in late 2019, and the MOVIE went into production in 2020.

30.     The MOVIE was released on Defendant Netflix's platform in December 2021, with Defendants McKay and Sirota credited as writers and producers. The MOVIE contains key literary elements of the BOOK and contains numerous copyright elements that are identical to those in the BOOK:

**Character Similarities:**
- **Protagonists:** Emma Hayes and Kate Dibiasky are both young, determined female protagonists who face significant challenges in convincing others of an existential threat. Their struggles reflect broader themes of scientific communication and societal response to impending disasters.
- **Advisors/Experts:** Srenyi and Dr. Randall Mindy provide scientific authority and credibility for the protagonists' claims, reinforcing the urgency of the threats they face.
- **Authority Figures:** President Emma Hayes and President Janie Orlean both make inspirational speeches calling for unity in the face of a global threat, each addressing political opposition and rallying public support.

**Plot and Sequence:**

- Both Emma and Kate discover a celestial threat—clusters of space rocks in Emma's case and a comet in Kate's.

- Both make public warnings—Emma on YouTube and Kate on a TV talk show.

- Both are disbelieved, ridiculed, and detained by government agents, facing frustration from an apathetic public.

- Both are offered deals for their freedom in exchange for silence about the space threat, with mental illness mentioned.

- Both face skepticism from their parents and tension at home.

- Both Presidents make speeches to rally people around scientific solutions, with political opponents creating additional hurdles.

- Both technologists cancel original plans in favor of financially beneficial alternatives involving advanced technology from CERN.

- Both Presidents travel to an exoplanet where an alien creature attacks them.

**Common Themes:**

- Apocalyptic political satire and dark comedy.

- The difficulty of mobilizing collective action in the face of imminent danger.

- Skepticism and the challenges of communicating scientific threats.

| Copyright elements | The Million Day Forecast (2015 & 2017) | Don't Look Up (December 5, 2021) |
|---|---|---|
| Themes | Apocalyptic, political satire, dark comedies, climate change and unconcerned populace<br><br>Themes of science communication, government response, and societal reaction to existential threats, often highlighting skepticism and the difficulty of mobilizing collective action in the face of imminent danger | Apocalyptic, political satire, dark comedies, climate change and unconcerned populace<br><br>Themes of science communication, government response, and societal reaction to existential threats, often highlighting skepticism and the difficulty of mobilizing collective action in the face of imminent danger |
| Character | Emma Hayes young, determined | Kate Dibiasky young, determined |

| Copyright elements | The Million Day Forecast (2015 & 2017) | Don't Look Up (December 5, 2021) |
|---|---|---|
| Similarities | female protagonists who face significant challenges in convincing others of an existential threat, and their struggles reflect broader themes of scientific communication and societal response to impending disasters. Both protagonists navigate complex relationships with those around them, including colleagues, authorities, and the public. These dynamics are critical in their efforts to communicate the threat and mobilize action There is a strong sense of urgency in both stories. Emma races against time with a long-term disaster forecast, while Kate deals with the immediate threat of a comet strike. Both timelines create intense pressure and drive the narrative forward | female protagonists who face significant challenges in convincing others of an existential threat, and their struggles reflect broader themes of scientific communication and societal response to impending disasters. Both protagonists navigate complex relationships with those around them, including colleagues, authorities, and the public. These dynamics are critical in their efforts to communicate the threat and mobilize action There is a strong sense of urgency in both stories. Emma races against time with a long-term disaster forecast, while Kate deals with the immediate threat of a comet strike. Both timelines create intense pressure and drive the narrative forward |
| | **Role as Advisors/Experts**: Srenyi is an alien who informs Emma about the impending disaster, acting as a mentor and guide. **Scientific Authority**: Both characters provide the scientific basis and credibility for the protagonists' claims, reinforcing the urgency of the threats they face. | Dr. Randall Mindy Similarly, Dr. Randall Mindy, a professor and astronomer, supports Kate Dibiasky's discovery and helps her in their mission to alert the world **Scientific Authority**: Both characters provide the scientific basis and credibility for the protagonists' claims, reinforcing the urgency of the threats they face. |
| Plot and sequence | Emma is an advanced astrophysics student who discovered that a cluster of space rocks is on a collision course (or is "hurtling")  to destroy earth. The "clusters" are akin to comets and can destroy Earth. | Kate is an advanced astrophysics student who discovered that a comet is on a collision course or is "hurtling") to destroy earth. |
| | Emma attempts to contact NASA. | Kate attempted to contact Nasa. |
| | Emma makes a public warning on Youtube. | Kate made a public warning on TV talk show called "The Daily Rip." |
| | Emma makes warnings and pleads with an apathetic public. There's | Kate makes warnings and pleads with an apathetic public. There's |

| Copyright elements | The Million Day Forecast (2015 & 2017) | Don't Look Up (December 5, 2021) |
|---|---|---|
| | immediate frustration caused by the meanness she encounters and that no one understands. | immediate frustration caused by the meanness she encounters and that no one understands. |
| | Emma is disbelieved and promptly go on viral with demeaning hashtag i.e. #SpaceRabbitGirl | Kate is disbelieved and promptly go on viral with demeaning hashtag i.e. #BlameKate |
| | Emma is called crazy and is ridiculed the next day at school. | Kate is called crazy and is ridiculed the next day at school. |
| | Emma is detained by government agents. She becomes hostile while being restrained. She knows it's all about money. | Kate is detained by government agents. She becomes hostile while being restrained. She knows it's all about money. |
| | Emma is offered a deal for freedom in exchange for signing a contract to remain quiet regarding the threat from space. Emma maintains her sense of humor while being detained. Mental illness is mentioned. | Kate is offered a deal for freedom in exchange for signing a contract to remain quiet regarding the threat from space. Kate maintains her sense of humor while being detained. Mental illness is mentioned. |
| | Emma is transported by a white van to or from her parent's house before or after detainment. Emma's parents don't believe her and there's tension. Emma's mom says, "We think it's best if you go away for a few days." | Kate is transported by a white van to or from her parent's house before or after detainment. Kate's parents don't believe her and there's tension. Kate's dad says, "We don't want more of it in our house." |
| | President Emma Hayes makes an inspirational speech calling for unity while a solution is created by scientists. She makes this speech to rally people to the plans for handling the coming clusters due to staunch political opposition. Thousands travel to Washington to watch the speeches. In her speech, she mentions global/word "citizens", "military", and the need for everyone to come together.<br><br>Emma Hayes becomes the first female president of the United States. Her political opponent is congressman Mitch Grayson. | President Janie Orlean makes an inspirational speech calling for unity while a solution is created by scientists. She makes this speech to rally people to the plans for handling the coming comet due to staunch political opposition. Thousands travel to Washington to watch the speeches. In her speech, she mentions global/word "citizens", "military", and the need for everyone to come together.<br><br>President Orlean is the female president of the United States. Her political opponent is Senator Jeff Lemer. |

| Copyright elements | The Million Day Forecast (2015 & 2017) | Don't Look Up (December 5, 2021) |
|---|---|---|
| | Technologist Dr. Soren suddenly has the original solution canceled in favor of a new plan that would benefit him financially. Plan involves particle accelerator technology from CERN Large Hadron Collider in Geneva. | Technologist Dr. Peter suddenly has the original solution canceled in favor of a new plan that would benefit him financially. . Plan involves particle accelerator technology from CERN Large Hadron Collider in Geneva. |
| | Dr. Soren controls the president (President Grayson at this point).<br><br>"You're going to do exactly as we say to do. Do I make myself perfectly clear?"<br><br>President Grayson: "Yes, sir, exactly as I'm told."<br><br>Dr. Soren: "Shut up Grayson! You need to learn to let me do the thinking around here."<br><br>President Grayson: "I'm so sorry Dr. Soren." | Dr. Peter controls president Orlean.<br><br>"Janie, now!"<br><br>President Orlean: "Yes, Peter, here I come. I'm so sorry! I'm so sorry, Peter!" |
| | Dr. Soren builds a spacecraft that travels to an exoplanet. | Dr. Peter builds a spacecraft that travels to an exoplanet. |
| | Dr. Soren orders a new plan – he orders the abandonment of the mission to create a quantum bridge in favor of a plan to blow up the clusters into pieces because he stood to gain financially due to his partnership with an alien named Enyak. (p.81) | Dr. Peter orders a new plan – he orders the initial mission to destroy the comet to be turned around because the opportunity to make money from mining the comet. |
| | Huge crowds take to the streets on either side of the debate and use competing slogans for and against Emma's appeal to save humanity.<br><br>The two competing sides are represented by those who back Emma and her mission to build a Quantum Bridge and supporters of President Mitch Grayson, and Dr. Soren, and their plan to deflect the space rock | Huge crowds take to the streets on either side of the debate and use competing slogans for and against Kate's appeal to save humanity.<br><br>The two competing sides are represented by supporters of Kate, and Dr. Mindy, and their plan to destroy the comet, and supporters of President Janie Orlean and Dr. Peter and their sudden decision to mine the |

| Copyright elements | The Million Day Forecast (2015 & 2017) | Don't Look Up (December 5, 2021) |
|---|---|---|
| | clusters. | approaching comet. |
| | Division in society – National Guard units separated the two sides. Supporters of Emma gathered in a Sports Arena. | Division in society – National Guard units separated the two sides. Supporters of Kate and Mindy gathered in a sports arena. |
| | War veteran launched into space – Captain Somers was singled out during President Emma Haye's speech.<br>"Emma took the opportunity to smile and wave at Somers… who was seated in an honorary presidential box." | War veteran launched into space – Colonel Drask was singled out during President Orlean's speech<br><br>"Commander Drask, this is your president speaking. Your nation thanks you, and I thank you." |
| | The masses care more about pop culture.<br><br>"So you mean we're all supposed to sit around and watch mindless crap like reality TV and pretend that giant clusters aren't going to destroy our planet?" | The masses care more about pop culture.<br><br>"Social media is just going on and on about that singer Riley Bina and DJ Chello breaking up."<br><br>"Diddy just exploded, and so did Vroom. BASH just sent me eight notifications."<br><br>"You can see this spike here is when Riley Bina asked to take DJ Chello back on the segment before you." |
| | An alien attacks Emma on an exoplanet. | An alien attacks Janie on an exoplanet. |
| | President Emma Hayes enjoys smoking. Both Presidents state that they can now smoke in public because they are the President. | President Orlean enjoys smoking. Both Presidents state that they can now smoke in public because they are the President. |

31.    In both works, similarities between the characters are striking and virtually idenitical, not only for the main protagonists, but also the supporting characters, authority

figures, and media representatives. They are practical parallels that emphasize common themes of scientific discovery, leadership, and the challenges of communicating and addressing existential threats.

33.     Both works feature media representatives who play a pivotal role in shaping public perception. In the MOVIE, media figures often trivialize or sensationalize the comet threat, while in the BOOK, media coverage also plays a crucial and important role in shaping the societal response to a calamitous event that will strike Earth in one million days.

33.     The similarities between the BOOK and the MOVIE are clear and substantial. Both works feature young female protagonists—*Emma Hayes* in Book and *Kate Dibiasky* in the Movie—who struggle to convince others of an imminent existential threat that will strike the Earth. Both have advisors who lend scientific authority to their warnings, and both feature female Presidents who deliver speeches to rally public support in the face of global danger.

34.     The plots in both stories also closely align. Emma and Kate each discover a celestial threat and issue public warnings, only to be met with disbelief, ridicule, and detention by government agents. Both are offered deals for their silence, face skepticism from their parents, and witness technologists abandoning original plans in favor of financially motivated alternatives involving advanced technology.

35.     The Million Day Forecast includes scenes serving as a metaphor for the "impact" of Climate Change. "The walls wreaked even more horribly when the acid rains came."  The back cover reads, "There's a Dramatic Change Ahead in the Forecast." Emma states, "This is all a glimpse into the future of mankind, they're throwing it all away!"

36.     Adam McKay wanted "Don't Look Up" to be "a kick in the pants that prompts urgent action on climate change."

37.    The themes of apocalyptic political satire, dark comedy, and the challenges of mobilizing collective action in the face of imminent danger are central to both works. These undeniable similarities indicate that the MOVIE has taken key literary elements from the BOOK without Plaintiff's consent and authorization.

38.    At all material times, the MOVIE was publicly advertised on the internet and through press releases including in this district as having an original story that was conceived of and written by Defendant McKay.

39.    Defendants intentially, willfully and recklessly did not inform the public and in particular Florida residents and citizens in advertisements that the MOVIE had taken key literary elements from the BOOK without Plaintiff's consent and authorization.

40.    Plaintiff and Defendants are direct competitors and the false statements made by the Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, have a tendency to mislead Florida consumers in particular.

41.    Defendants, jointly and severally, each and every one of time acting together in concert, will continue to prepare, produce, copy, distribute, exploit, and/or authorize others to prepare, produce, copy, distribute, or exploit the infringing MOVIE and other derivative works which copy and exploit the BOOK in violation of the Copyright Act."

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### Defendant Netflix

42.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

43.    Plaintiff is the exclusive owner of all rights in and to the original BOOK titled "*The Million Day Forecast*" which has been registered in his Plaintiff's name with the United States Copyright Office.

44.    By Defendant Netflix's exploitation and release of the MOVIE titled *Don't Look Up*, a motion picture plainly derived from the BOOK, Defendant Netflix knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK.

45.    Defendant Netflix, without permission or authorization, copied and exploited wholly original elements from the BOOK in the MOVIE.

46.    Each infringement by Defendant Netflix of the BOOK constitutes a separate and distinct act of infringement.

47.    Plaintiff is further entitled to recover from Defendant Netflix the damages, including pre-judgment interest, he sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendant Netflix as a result of the wrongful acts alleged herein, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

48.    Plaintiff is entitled to the maximum statutory damages recoverable, or for such other amounts as may be proper, pursuant to 17 U.S.C. § 504. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

49.    The ongoing harm Defendant Netflix's wrongful conduct will continue to cause Plaintiff is both imminent and irreparable. By reason of Defendant Netflix's ongoing and willful copyright infringement, Plaintiff has sustained and, unless and until Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, are enjoined, will continue to sustain substantial imminent and irreparable injury, loss and damage, including

repeated infringement of his copyright and interests, diminution of the value thereof, loss of customers, lost opportunity, dilution of goodwill, and injury to his business reputation.

50.    Plaintiff has no adequate total remedy at law for many of his injuries in that such injuries cannot be reasonably, adequately, or precisely measured or compensated in damages if such wrongful conduct is not restrained and is allowed to continue unabated.

51.    Pursuant to 17 U.S.C. § 502, Plaintiff is thus also entitled to a preliminary injunction during the pendency of this action and a permanent injunction ordering that Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, their agents, employees, licensees and assigns be enjoined from producing, reproducing, distributing and exploiting or authorizing the production, reproduction, distribution or exploitation of the MOVIE and ancillary products based thereon, derived from the BOOK, and from engaging in any further violations of the Copyright Act.

**SECOND CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**Defendant McKay**

52.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

53.    Plaintiff is the exclusive owner of all rights in and to the original BOOK titled "*The Million Day Forecast*" which has been registered in his Plaintiff's name with the United States Copyright Office.

54.    By Defendant McKay's exploitation and release of the MOVIE titled *Don't Look Up*, a motion picture plainly derived from the BOOK, Defendant McKay knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK.

55.     Defendant McKay, without permission or authorization, copied and exploited wholly original elements from the BOOK in the MOVIE.

56.     Each infringement by Defendant McKay of the BOOK constitutes a separate and distinct act of infringement.

57.     Plaintiff is further entitled to recover from Defendant McKay the damages, including pre-judgment interest, he sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendant McKay as a result of the wrongful acts alleged hereinabove, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

58.     Plaintiff is entitled to the maximum statutory damages recoverable, or for such other amounts as may be proper, pursuant to 17 U.S.C. § 504. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

59.     The ongoing harm Defendant McKay's wrongful conduct will continue to cause Plaintiff is both imminent and irreparable. By reason of Defendant McKay's ongoing and willful copyright infringement, Plaintiff has sustained and, unless and until Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, are enjoined, will continue to sustain substantial imminent and irreparable injury, loss and damage, including repeated infringement of his copyright and interests, diminution of the value thereof, loss of customers, lost opportunity, dilution of goodwill, and injury to his business reputation.

60.     Plaintiff has no adequate total remedy at law for many of his injuries in that such injuries cannot be reasonably, adequately, or precisely measured or compensated in damages if such wrongful conduct is not restrained and is allowed to continue unabated.

61.     Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary injunction during the pendency of this action and a permanent injunction ordering that Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, their agents, employees, licensees and assigns be enjoined from producing, reproducing, distributing and exploiting or authorizing the production, reproduction, distribution or exploitation of the MOVIE and ancillary products based thereon, derived from the BOOK, and from engaging in any further violations of the Copyright Act.

### THIRD CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### Defendant Sirota

62.     Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

63.     Plaintiff is the exclusive owner of all rights in and to the original BOOK titled "*The Million Day Forecast*" which has been registered in his Plaintiff's name with the United States Copyright Office.

64.     By Defendant Sirota's exploitation and release of the MOVIE titled *Don't Look Up*, a motion picture plainly derived from the BOOK, Defendant Sirota knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK.

65.     Defendant Sirota, without permission or authorization, copied and exploited wholly original elements from the BOOK in the MOVIE.

66.     Each infringement by Defendant Sirota of the BOOK constitutes a separate and distinct act of infringement.

67.     Plaintiff is further entitled to recover from Defendant Sirota the damages, including pre-judgment interest, he sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendant Sirota as a result of the wrongful acts alleged hereinabove, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

68.     Plaintiff is entitled to the maximum statutory damages recoverable, or for such other amounts as may be proper, pursuant to 17 U.S.C. § 504. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

69.     The ongoing harm Defendant Sirota's wrongful conduct will continue to cause Plaintiff is both imminent and irreparable. By reason of Defendant Sirota's ongoing and willful copyright infringement, Plaintiff has sustained and, unless and until Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, are enjoined, will continue to sustain substantial imminent and irreparable injury, loss and damage, including repeated infringement of his copyright and interests, diminution of the value thereof, loss of customers, lost opportunity, dilution of goodwill, and injury to his business reputation.

70.     Plaintiff has no adequate total remedy at law for many of his injuries in that such injuries cannot be reasonably, adequately, or precisely measured or compensated in damages if such wrongful conduct is not restrained and is allowed to continue unabated.

71.     Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary injunction during the pendency of this action and a permanent injunction ordering that Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, their agents, employees, licensees and assigns be enjoined from producing, reproducing, distributing and exploiting or authorizing the production, reproduction, distribution or exploitation of the

MOVIE and ancillary products based thereon, derived from the BOOK, and from engaging in any further violations of the Copyright Act.

## FOURTH CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
#### Defendant Stuber

72.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

73.    Plaintiff is the exclusive owner of all rights in and to the original BOOK titled *"The Million Day Forecast"* which has been registered in his Plaintiff's name with the United States Copyright Office.

74.    By Defendant Stuber's exploitation and release of the MOVIE titled *Don't Look Up*, a motion picture plainly derived from the BOOK, Defendant Stuber knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK.

75.    Defendant Stuber, without permission or authorization, copied and exploited wholly original elements from the BOOK in the MOVIE.

76.    Each infringement by Defendant Stuber of the BOOK constitutes a separate and distinct act of infringement.

77.    Plaintiff is further entitled to recover from Defendant Stuber the damages, including pre-judgment interest, he sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendant Stuber as a result of the wrongful acts alleged hereinabove, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

78.     Plaintiff is entitled to the maximum statutory damages recoverable, or for such other amounts as may be proper, pursuant to 17 U.S.C. § 504. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

79.     The ongoing harm Defendant Stuber's wrongful conduct will continue to cause Plaintiff is both imminent and irreparable. By reason of Defendant Stuber's ongoing and willful copyright infringement, Plaintiff has sustained and, unless and until Defendants, jointly and severally, each and every one of time acting together in concert, are enjoined, will continue to sustain substantial imminent and irreparable injury, loss and damage, including repeated infringement of his copyright and interests, diminution of the value thereof, loss of customers, lost opportunity, dilution of goodwill, and injury to his business reputation.

80.     Plaintiff has no adequate total remedy at law for many of his injuries in that such injuries cannot be reasonably, adequately, or precisely measured or compensated in damages if such wrongful conduct is not restrained and is allowed to continue unabated.

81.     Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary injunction during the pendency of this action and a permanent injunction ordering that Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, their agents, employees, licensees and assigns be enjoined from producing, reproducing, distributing and exploiting or authorizing the production, reproduction, distribution or exploitation of the MOVIE and ancillary products based thereon, derived from the BOOK, and from engaging in any further violations of the Copyright Act.

**FIFTH CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**Defendant Hyperobject**

82.   Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

83.   Plaintiff is the exclusive owner of all rights in and to the original BOOK titled "*The Million Day Forecast*" which has been registered in his Plaintiff's name with the United States Copyright Office.

84.   By Defendant Hyperobject's exploitation and release of the MOVIE titled *Don't Look Up*, a motion picture plainly derived from the BOOK, Defendant Hyperobject knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK.

85.   Defendant Hyperobject, without permission or authorization, copied and exploited wholly original elements from the BOOK in the MOVIE.

86.   Each infringement by Defendant Hyperobject of the BOOK constitutes a separate and distinct act of infringement.

87.   Plaintiff is further entitled to recover from Defendant Hyperobject the damages, including pre-judgment interest, he sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendant Hyperobject as a result of the wrongful acts alleged hereinabove, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

88.   Plaintiff is entitled to the maximum statutory damages recoverable, or for such other amounts as may be proper, pursuant to 17 U.S.C. § 504. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

89.   The ongoing harm Defendant Hyperobject's wrongful conduct will continue to cause Plaintiff is both imminent and irreparable. By reason of Defendant Hyperobject's ongoing

and willful copyright infringement, Plaintiff has sustained and, unless and until Defendants, jointly and severally, each and every one of time acting together in concert, are enjoined, will continue to sustain substantial imminent and irreparable injury, loss and damage, including repeated infringement of his copyright and interests, diminution of the value thereof, loss of customers, lost opportunity, dilution of goodwill, and injury to his business reputation.

90.     Plaintiff has no adequate total remedy at law for many of his injuries in that such injuries cannot be reasonably, adequately, or precisely measured or compensated in damages if such wrongful conduct is not restrained and is allowed to continue unabated.

91.     Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary injunction during the pendency of this action and a permanent injunction ordering that Defendants, jointly and severally, each and every one of time acting together in concert as joint tortfeasors, their agents, employees, licensees and assigns be enjoined from producing, reproducing, distributing and exploiting or authorizing the production, reproduction, distribution or exploitation of the MOVIE and ancillary products based thereon, derived from the BOOK, and from engaging in any further violations of the Copyright Act.

## SIXTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### Defendant Netflix

92.     Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

93.     Defendant Netflix knew or had reason to know that THE MOVIE is an unauthorized derivative work based on THE BOOK which are substantially similar to the copyrighted elements in THE BOOK.

94.     Defendant Netflix induced, caused and materially contributed to the unauthorized preparation, duplication, distribution and public performance of THE MOVIE, infringing on Plaintiff's copyright of THE BOOK and are continuing to do so.

95.     In violation of Plaintiffs' exclusive rights, Defendant Netflix has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights of the BOOK.

## SEVENTH CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### Defendant McKay

96.     Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

97.     Defendant McKay knew or had reason to know that THE MOVIE is an unauthorized derivative work based on THE BOOK which are substantially similar to the copyrighted elements in THE BOOK.

98.     Defendant McKay induced, caused and materially contributed to the unauthorized preparation, duplication, distribution and public performance of THE MOVIE, infringing on Plaintiff's copyright of THE BOOK and are continuing to do so.

99.     In violation of Plaintiffs' exclusive rights, Defendant McKay has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights of the BOOK.

## EIGHTH CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### Defendant Sirota

100.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

101.    Defendant Sirota knew or had reason to know that THE MOVIE is an unauthorized derivative work based on THE BOOK which are substantially similar to the copyrighted elements in THE BOOK.

102.    Defendant Sirota induced, caused and materially contributed to the unauthorized preparation, duplication, distribution and public performance of THE MOVIE, infringing on Plaintiff's copyright of THE BOOK and are continuing to do so.

103.    In violation of Plaintiffs' exclusive rights, Defendant Sirota has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights of the BOOK.

**NINTH CAUSE OF ACTION**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**Defendant Stuber**

104.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

105.    Defendant Stuber knew or had reason to know that THE MOVIE is an unauthorized derivative work based on THE BOOK which are substantially similar to the copyrighted elements in THE BOOK.

106.    Defendant Stuber induced, caused and materially contributed to the unauthorized preparation, duplication, distribution and public performance of THE MOVIE, infringing on Plaintiff's copyright of THE BOOK and are continuing to do so.

107.    In violation of Plaintiffs' exclusive rights, Defendant Stuber has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights of the BOOK.

**TENTH CAUSE OF ACTION**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**Defendant Hyperobject**

108.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

109.    Defendant Hyperobject knew or had reason to know that THE MOVIE is an unauthorized derivative work based on THE BOOK which are substantially similar to the copyrighted elements in THE BOOK.

110.    Defendant Hyperobject induced, caused and materially contributed to the unauthorized preparation, duplication, distribution and public performance of THE MOVIE, infringing on Plaintiff's copyright of THE BOOK and are continuing to do so.

111.    In violation of Plaintiffs' exclusive rights, Defendant Hyperobject has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights of the BOOK.

## ELEVENTH CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
**Defendant Netflix**

112.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

113.    Defendant Netflix the right and ability to supervise the other Defendants, and did in fact supervise them in their unlawful preparation, duplication, and distribution of THE MOVIE in violation of Plaintiff's copyright.

114.    Defendant Netflix enjoyed a direct financial benefit from the preparation, duplication, and distribution of the infringing MOVIE in violation of Plaintiff's copyright.

115.    In direct violation of Plaintiffs' exclusive rights and as a consequence of the foregoing, Defendant Netflix has vicariously infringed the copyrights in THE BOOK.

## TWELFTH CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT
### Defendant McKay

116.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

117.    Defendant McKay the right and ability to supervise the other Defendants, and did in fact supervise them in their unlawful preparation, duplication, and distribution of THE MOVIE in violation of Plaintiff's copyright.

118.    Defendant McKay enjoyed a direct financial benefit from the preparation, duplication, and distribution of the infringing MOVIE in violation of Plaintiff's copyright.

119.    In direct violation of Plaintiffs' exclusive rights and as a consequence of the foregoing, Defendant McKay has vicariously infringed the copyrights in THE BOOK.

## THIRTEENTH CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT
### Defendant Sirota

120.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

121.    Defendant Sirota the right and ability to supervise the other Defendants, and did in fact supervise them in their unlawful preparation, duplication, and distribution of THE MOVIE in violation of Plaintiff's copyright.

122.    Defendant Sirota enjoyed a direct financial benefit from the preparation, duplication, and distribution of the infringing MOVIE in violation of Plaintiff's copyright.

123.    In direct violation of Plaintiffs' exclusive rights and as a consequence of the foregoing, Defendant Sirota has vicariously infringed the copyrights in THE BOOK.

## FOURTEENTH CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT

**Defendant Stuber**

124. Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

125. Defendant Stuber the right and ability to supervise the other Defendants, and did in fact supervise them in their unlawful preparation, duplication, and distribution of THE MOVIE in violation of Plaintiff's copyright.

126. Defendant Stuber enjoyed a direct financial benefit from the preparation, duplication, and distribution of the infringing MOVIE in violation of Plaintiff's copyright.

127. In direct violation of Plaintiffs' exclusive rights and as a consequence of the foregoing, Defendant Stuber has vicariously infringed the copyrights in THE BOOK.

**FIFTEENTH CAUSE OF ACTION**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**Defendant Hyperobject**

128. Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

129. Defendant Hyperobject the right and ability to supervise the other Defendants, and did in fact supervise them in their unlawful preparation, duplication, and distribution of THE MOVIE in violation of Plaintiff's copyright.

130. Defendant Hyperobject enjoyed a direct financial benefit from the preparation, duplication, and distribution of the infringing MOVIE in violation of Plaintiff's copyright.

131. In direct violation of Plaintiffs' exclusive rights and as a consequence of the foregoing, Defendant Hyperobject has vicariously infringed the copyrights in THE BOOK

**SIXTEENTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT**
**Defendant Netflix**

132.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

133.    Defendant Netflix produced and distributed THE MOVIE without obtaining Plaintiff's authorization.

134.    An actual controversy has arisen and now exists relating to the rights and duties of Plaintiff and Defendant Netflix under the United States copyright laws that Plaintiff contends he is the sole owners of THE BOOK'S copyright and that THE MOVIE infringes Plaintiff's rights. Defendants apparently contend, falsely, that they are entitled to create, distribute, market, advertise, promote, sell, or offer for sale derivative works of THE MOVIE, which contain elements that are substantially similar to THE BOOK.

135.    Pursuant to Fla. Stat. § 86.011, Plaintiff requests a judicial determination of his rights, and a declaration that Defendant Netflix's production and continued distribution of THE MOVIE constitutes infringement Plaintiff's copyright.

136.    A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain the parties' rights.

## SEVENTEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT
### Defendant McKay

137.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

138.    Defendant McKay produced and distributed THE MOVIE without obtaining Plaintiff's authorization.

139.    An actual controversy has arisen and now exists relating to the rights and duties of Plaintiff and Defendant McKay under the United States copyright laws that Plaintiff contends he

29

is the sole owners of THE BOOK'S copyright and that THE MOVIE infringes Plaintiff's rights. Defendants apparently contend, falsely, that they are entitled to create, distribute, market, advertise, promote, sell, or offer for sale derivative works of THE MOVIE, which contain elements that are substantially similar to THE BOOK.

140. Pursuant to Fla. Stat. § 86.011, Plaintiff requests a judicial determination of his rights, and a declaration that Defendant McKay's production and continued distribution of THE MOVIE constitutes infringement Plaintiff's copyright.

141. A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain the parties' rights.

**EIGHTEENTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT**
**Defendant Stuber**

142. Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

143. Defendant Stuber produced and distributed THE MOVIE without obtaining Plaintiff's authorization.

144. An actual controversy has arisen and now exists relating to the rights and duties of Plaintiff and Defendant Stuber under the United States copyright laws that Plaintiff contends he is the sole owners of THE BOOK'S copyright and that THE MOVIE infringes Plaintiff's rights. Defendants apparently contend, falsely, that they are entitled to create, distribute, market, advertise, promote, sell, or offer for sale derivative works of THE MOVIE, which contain elements that are substantially similar to THE BOOK.

145.    Pursuant to Fla. Stat. § 86.011, Plaintiff requests a judicial determination of his rights, and a declaration that Defendant Stuber's production and continued distribution of THE MOVIE constitutes infringement Plaintiff's copyright.

146.    A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain the parties' rights.

**NINETEENTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT**
**Defendant Hyperobject**

147.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

148.    Defendant Hyperobject produced and distributed THE MOVIE without obtaining Plaintiff's authorization.

149.    An actual controversy has arisen and now exists relating to the rights and duties of Plaintiff and Defendant Hyperobject under the United States copyright laws that Plaintiff contends he is the sole owners of THE BOOK'S copyright and that THE MOVIE infringes Plaintiff's rights. Defendants apparently contend, falsely, that they are entitled to create, distribute, market, advertise, promote, sell, or offer for sale derivative works of THE MOVIE, which contain elements that are substantially similar to THE BOOK.

150.    Pursuant to Fla. Stat. § 86.011, Plaintiff requests a judicial determination of his rights, and a declaration that Defendant Hyperobject's production and continued distribution of THE MOVIE constitutes infringement Plaintiff's copyright.

151.    A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain the parties' rights.

**TWENTITH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

**Defendant Netflix**

152.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

153.    By their conduct as alleged above, Defendant Netflix has unjustly retained a benefit to the detriment of Plaintiff, and such benefit violates fundamental principles of justice, equity and good conscience.

154.    Accordingly, Plaintiff is entitled to an order requiring Defendant Netflix to return any and all ill-gotten gains to Plaintiff.

## TWENTY-FIRST CAUSE OF ACTION
### UNJUST ENRICHMENT
### Defendant McKay

155.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

156.    By their conduct as alleged above, Defendant McKay has unjustly retained a benefit to the detriment of Plaintiff, and such benefit violates fundamental principles of justice, equity and good conscience.

157.    Accordingly, Plaintiff is entitled to an order requiring Defendant McKay to return any and all ill-gotten gains to Plaintiff.

## TWENTY-SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT
### Defendant Sirota

158.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

159.    By their conduct as alleged above, Defendant Sirota has unjustly retained a benefit to the detriment of Plaintiff, and such benefit violates fundamental principles of justice, equity and good conscience.

160.    Accordingly, Plaintiff is entitled to an order requiring Defendant Sirota to return any and all ill-gotten gains to Plaintiff.

**TWENTY-THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**Defendant Stuber**

161.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

162.    By their conduct as alleged above, Defendant Stuber has unjustly retained a benefit to the detriment of Plaintiff, and such benefit violates fundamental principles of justice, equity and good conscience.

163.    Accordingly, Plaintiff is entitled to an order requiring Defendant Stuber to return any and all ill-gotten gains to Plaintiff.

**TWENTY-FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**Defendant Hyperobject**

164.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

165.    By their conduct as alleged above, Defendant Hyperobject has unjustly retained a benefit to the detriment of Plaintiff, and such benefit violates fundamental principles of justice, equity and good conscience.

166.    Accordingly, Plaintiff is entitled to an order requiring Defendant Hyperobject to return any and all ill-gotten gains to Plaintiff.

**TWENTY-FIFTH CAUSE OF ACTION**
**LANHAM ACT 43(a) - FALSE ADVERTISING**
**Defendant Netflix**

167.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

168.    Defendant Netflix made false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

169.    These false statements were made in the course of commercial advertisements or promotions and were caused by the Defendants, jointly and severally, each and every one of them acting together in concert, to enter into interstate commerce and in Florida and this district as they were published on the internet for the entire world to view.

170.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the Book.

171.    The false statements and deception by the Defendant Netflix was material.

172.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Netflix, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

173.    Plaintiff is therefore entitled to damages trebled pursuant to 15 U.S.C. § 1117(a).

**TWENTY-SIXTH CAUSE OF ACTION**
**LANHAM ACT 43(a) - FALSE ADVERTISING**
**Defendant McKay**

174.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

175.    Defendant McKay made false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

176.    These false statements were made in the course of commercial advertisements or promotions and were caused by the Defendants, jointly and severally, each and every one of them acting together in concert, to enter into interstate commerce and in Florida and this district as they were published on the internet for the entire world to view.

177.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the Book.

178.    The false statements and deception by the Defendant McKay was material.

179.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant McKay, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

180.    Plaintiff is therefore entitled to damages trebled pursuant to 15 U.S.C. § 1117(a).

**TWENTY-SEVENTH CAUSE OF ACTION**
**LANHAM ACT 43(a) - FALSE ADVERTISING**
**Defendant Sirota**

181.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

182.    Defendant Sirota made false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

183.    These false statements were made in the course of commercial advertisements or promotions and were caused by the Defendants, jointly and severally, each and every one of

them acting together in concert, to enter into interstate commerce and in Florida and this district as they were published on the internet for the entire world to view.

184.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the Book.

185.    The false statements and deception by the Defendant Sirota was material.

186.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Sirota, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

187.    Plaintiff is therefore entitled to damages trebled pursuant to 15 U.S.C. § 1117(a).

**TWENTY-EIGHTH CAUSE OF ACTION**
**LANHAM ACT 43(a) - FALSE ADVERTISING**
**Defendant Stuber**

188.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

189.    Defendant Stuber made false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

190.    These false statements were made in the course of commercial advertisements or promotions and were caused by the Defendants, jointly and severally, each and every one of them acting together in concert, to enter into interstate commerce and in Florida and this district as they were published on the internet for the entire world to view.

191.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the Book.

192.    The false statements and deception by the Defendant Stuber was material.

193.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Stuber, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

194.    Plaintiff is therefore entitled to damages trebled pursuant to 15 U.S.C. § 1117(a).

## TWENTY-NINTH CAUSE OF ACTION
## LANHAM ACT 43(a) - FALSE ADVERTISING
### Defendant Hyperobject

195.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

196.    Defendant Hyperobject made false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

197.    These false statements were made in the course of commercial advertisements or promotions and were caused by the Defendants, jointly and severally, each and every one of them acting together in concert, to enter into interstate commerce and in Florida and this district as they were published on the internet for the entire world to view.

198.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the Book.

199.    The false statements and deception by the Defendant Hyperobject was material.

200.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Hyperobject, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

201.    Plaintiff is therefore entitled to damages trebled pursuant to 15 U.S.C. § 1117(a).

## THIRTIETH CAUSE OF ACTION
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Defendant Netflix

202.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

203.    Defendant Netflix has engaged in a deceptive act and/or an unfair trade practice in Florida and this district as well as domestically and worldwide by making false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

204.    Defendant Netflix has engaged in a deceptive act and/or unfair trade practice in Florida and this district as well as domestically and worldwide by having knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK and without permission or authorization, having copied and exploited wholly original elements from the BOOK in the MOVIE.

205.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the BOOK.

206.    The false statements and deception by the Defendant Netflix was material and caused Plaintiff's damages.

207.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Netflix, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

## THIRTY-FIRST CAUSE OF ACTION
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Defendant McKay

208.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

209.    Defendant McKay has engaged in a deceptive act and/or an unfair trade practice in Florida and this district as well as domestically and worldwide by making false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

210.    Defendant McKay has engaged in a deceptive act and/or unfair trade practice in Florida and this district as well as domestically and worldwide by having knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK and without permission or authorization, having copied and exploited wholly original elements from the BOOK in the MOVIE.

211.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the BOOK.

212.    The false statements and deception by the Defendant McKay was material and caused Plaintiff's damages.

213.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant McKay, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

## THIRTY-SECOND CAUSE OF ACTION
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Defendant Sirota

214.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

215.    Defendant Sirota has engaged in a deceptive act and/or an unfair trade practice in Florida and this district as well as domestically and worldwide by making false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

216.    Defendant Sirota has engaged in a deceptive act and/or unfair trade practice in Florida and this district as well as domestically and worldwide by having knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK and without permission or authorization, having copied and exploited wholly original elements from the BOOK in the MOVIE.

217.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the BOOK.

218.    The false statements and deception by the Defendant Sirota was material and caused Plaintiff's damages.

219.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Sirota, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

## THIRTY-THIRD CAUSE OF ACTION
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Defendant Stuber

220.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

221.    Defendant Stuber has engaged in a deceptive act and/or an unfair trade practice in Florida and this district as well as domestically and worldwide by making false statements about

the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

222.    Defendant Stuber has engaged in a deceptive act and/or unfair trade practice in Florida and this district as well as domestically and worldwide by having knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK and without permission or authorization, having copied and exploited wholly original elements from the BOOK in the MOVIE.

223.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the BOOK.

224.    The false statements and deception by the Defendant Stuber was material and caused Plaintiff's damages.

225.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Stuber, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

### THIRTY-FOURTH CAUSE OF ACTION
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Defendant Hyperobject

226.    Plaintiff repeats, alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

227.    Defendant Hyperobject has engaged in a deceptive act and/or an unfair trade practice in Florida and this district as well as domestically and worldwide by making false statements about the MOVIE that the MOVIE had an original story that was conceived of and written by Defendants McKay and Sirota.

228.    Defendant Hyperobject has engaged in a deceptive act and/or unfair trade practice in Florida and this district as well as domestically and worldwide by having knowingly and willfully infringed, and will continue to infringe, Plaintiff's copyright and rights under copyright in the BOOK and without permission or authorization, having copied and exploited wholly original elements from the BOOK in the MOVIE.

229.    These false statements actually deceived or had the tendency to deceive a substantial segment of its audience, particularly those who were not already familiar with the BOOK.

230.    The false statements and deception by the Defendant Hyperobject was material and caused Plaintiff's damages.

231.    Plaintiff has been and is likely to further be injured as a result of the false statements by Defendant Hyperobject, as they have lessened the goodwill associated with the BOOK and has suffered pecuniary damages as a result.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, each and every one of them acting together in concert, as follows:

1.    For an award of actual damages sustained by Plaintiff as a result of Defendants' unlawful conduct, jointly and severally, each and every one of them acting together in concert as joint tortfeasors, including pre-judgment interest, and any profits, gains, or advantages obtained by Defendants as a result of their wrongful acts, in an amount to be determined at trial in excess of $1 Billion U.S. Dollars.

2.    For a preliminary and permanent injunction enjoining Defendants, their agents, employees, licensees, and assigns from infringing Plaintiff's copyrights in any manner, including

but not limited to producing, reproducing, distributing, or exploiting the infringing MOVIE *"Don't Look Up"* and any ancillary products derived therefrom.

3.    For an award of statutory damages as provided by law, including the maximum amount recoverable under 17 U.S.C. § 504.

4.    For an order requiring Defendants to return any and all ill-gotten gains obtained through their unlawful conduct, and for restitution to Plaintiff of such gains. On information and belief, the MOVIE resulted in a gross profit of well over $800 million to the Defendants.

5.    For an award of Plaintiff's reasonable attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505.

6.    For a declaratory judgment affirming Plaintiff's rights under the Copyright Act and declaring that Defendants' production and distribution of the MOVIE, *"Don't Look Up,"* constitutes infringement of Plaintiff's copyright.

7.    For an award of punitive damages as warranted by Defendants' willful, reckless and malicious conduct, jointly and severally, each and every one of them acting together in concert as joint tortfeasors.

8.    For trebled damages pursuant to 15 U.S.C. § 1117(a) and attorney's fees and costs, in an amount totaling over $2.4 Billion U.S. dollars.

9.    For trebled damages pursuant to the FDUTPA and attorney's fees and costs, in an amount totaling over $2.4 Billion U.S. dollars.

10.    For such other and further relief as the Court may deem just and proper.

### **JURY DEMAND**

**Plaintiff Darren Hunter respectfully demands a jury trial on all issues so triable.**

Dated: December 5, 2024                    Respectfully submitted,


                                       */s/ Larry Klayman*
                                       Larry Klayman, Esq.
                                       **Klayman Law Group P.A.**

7050 W Palmetto Park Rd.
Boca Raton, Florida 33433
Telephone:  (561) 558-5536
Email:  leklayman@gmail.com

Attorney for Plaintiff