## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:25-CV-00360

DARREN HUNTER,

      Plaintiff,

  v.

NETFLIX INC., ADAM MCKAY,
SCOTT STUBER, DAVID SIROTA,
and HYPEROBJECT
PRODUCTIONS, INC.,

      Defendants.

## DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, Section 35 of

the Lanham Act, 15 U.S.C. §1117, and Middle District of Florida Local Rule 7.01,

Defendants Netflix, Inc. ("Netflix"), Adam McKay ("McKay"), David Sirota

("Sirota"), and Hyperobject Productions sued as Hyperobject Productions, Inc.

("Hyperobject") hereby move for an order adjudicating their entitlement to

attorney's fees. Pursuant to Local Rule 7.01(b), Defendants estimate their fees sought

to be approximately $195,000.

## INTRODUCTION

On August 19, 2025, the Court dismissed the Complaint, with prejudice,

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ruling that none of

Plaintiff Darren Hunter's causes of action stated a claim upon which relief could be granted. Dkt. 51. For the reasons below, as the prevailing parties, Defendants are entitled to an award of attorney's fees.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

The salient background facts are set forth in this Court's Order dismissing the action pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 51 ("Order"). To summarize, in 2015 and 2017, respectively, Plaintiff self-published two novels, *The Million Day Forecast* ("*Forecast*") and *The Million Day Forecast and the Dark Exoplanet* ("*Exoplanet*") (collectively, the "Novels"). McKay—writer and director of popular films such as *Stepbrothers*, *Anchorman*, and *The Big Short*—wrote the film *Don't Look Up* (the "Film"). McKay and Sirota received "story by" credits in the Film. Hyperobject, McKay's production company, produced the Film. On December 5, 2021, the Film premiered in New York City. On December 24, 2021, the Film began streaming on Netflix.

On May 21, 2024, Plaintiff's counsel sent Defendants a letter asserting the baseless claims that ultimately became the predicate of this lawsuit. Declaration of Emily F. Evitt ("Evitt Decl."), ¶ 2. On June 25, 2024, Defendants' counsel responded with a detailed five-page pre-litigation letter to Plaintiff's counsel, informing them that Plaintiff's copyright infringement claims had no merit. *Id.*, ¶ 3. In this letter, Defendants' counsel supplied Plaintiff's counsel with the necessary legal authority

and analysis as to why *Forecast* was not substantially similar in protected expression to the Film. *Id.*

On August 16, 2024, Plaintiff's counsel sent Defendants' counsel another letter, again claiming copyright infringement and purporting to set forth legal authorities that, in fact, did not support their position. *Id.*, ¶4. In response, on August 30, 2024, Defendants' counsel re-iterated their position that Plaintiff's copyright infringement claims would fail under applicable law. *Id.*, ¶ 5. Both of Defendants' letters made clear that Defendants would seek attorney's fees if forced to litigate. *Id.*, ¶¶ 3, 5.

Nonetheless, on December 5, 2024, Plaintiff filed his Complaint in state court, asserting claims for (1) copyright infringement, (2) contributory copyright infringement, (3) vicarious copyright infringement, (4) declaratory judgment, (5) unjust enrichment, (6) false advertising, and (7) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *Id.*, ¶ 6. On March 3, 2025, Netflix removed the state court action to federal court. Dkt. 1.

On March 7, 2025, Netflix's counsel met and conferred with Plaintiff's counsel via electronic mail, and once again explained why none of Plaintiff's claims had merit. *See* Evitt Decl., ¶ 7. After no further action from Plaintiff's counsel, on March 10, 2025, Netflix filed a Motion to Dismiss the Complaint under Rule 12(b)(6) on the grounds that (1) the works differed in plot, theme, characters, setting, sequence of events, mood, and pace, and thus lacked substantial similarity in

protectable expression; (2) the Lanham Act claims for false advertising were barred by *Dastar Corp. v. Twentieth Century Fox Film, Corp.*, 539 U.S. 23 (2003) ("*Dastar*"); and (3) the state law unjust enrichment and FDUTPA claims were preempted by the Copyright Act. Dkt. 12.

On May 9, 2025, Defendants' counsel met and conferred with Plaintiff's counsel telephonically, at which point Defendants' counsel reiterated that none of Plaintiff's claims alleged in the Complaint had merit. *See* Evitt Decl., ¶ 8. On May 12, 2025, all other Defendants filed a Motion to Dismiss the Complaint for: (1) failure to state a claim for relief pursuant to Rule 12(b)(6) (on the same grounds as Netflix); (2) lack of personal jurisdiction pursuant to Rule 12(b)(2); and (3) improper venue pursuant to Rule 12(b)(3). Dkt. 36.

On August 19, 2025, this Court granted Defendants' motions to dismiss pursuant to Rule 12(b)(6) with prejudice. *See* Order. As to Plaintiff's copyright infringement claims, the Court held that Plaintiff had failed to register *Exoplanet* with the U.S. Copyright Office and therefore had failed to establish a valid copyright in that work. *Id.* at 6-9. In addition, the Court concluded that Plaintiff had failed to establish substantial similarity of protected expression between *Forecast* and the Film. *Id.* at 11-12. Because Plaintiff failed to plead a claim for primary copyright infringement, the Court also dismissed Plaintiff's claims for contributory copyright infringement and vicarious copyright infringement. *Id.* at 12.

As to Plaintiff's claims for false advertising under the Lanham Act, the Court held that such claims related to the alleged misrepresentation of the Film's authorship, not production, and that they were therefore foreclosed by *Dastar*. *Id.* at 13-14. Finally, the Court ruled that Plaintiff's state law claims for unjust enrichment and violation of FDUTPA were preempted by the section 301 of Copyright Act, 17 U.S.C. § 301, because those claims did not contain the "extra element" that would make them qualitatively different from Plaintiff's copyright claims. *Id.* at 15-16. Accordingly, the Court dismissed the Complaint with prejudice under Rule 12(b)(6) for failure to state a claim.[1] *Id.* at 16-17.

## **ARGUMENT**

## I.  **DEFENDANTS ARE ENTITLED TO AN AWARD OF FEES UNDER SECTION 505 FOR SUCCESSFULLY DEFENDING AGAINST PLAINTIFF'S COPYRIGHT CLAIMS.**

The Copyright Act grants courts the authority to "award a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. "While the award of attorney's fees under Section 505 lies within the discretion of the District Court, where a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees is very strong." *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *4 (S.D. Fla. July 1, 2008).

---

[1] Having granted Defendants' Rule 12(b)(6) motions, the Court did not reach the Rule 12(b)(2) and 12(b)(3) motions to dismiss for lack of personal jurisdiction and improper venue. Order at 16, n. 7.

Here, the Court dismissed the entire action, with prejudice. Order at 17. Defendants are therefore the prevailing parties on Plaintiff's copyright infringement counts and are entitled to a strong presumption in favor of a fees award.

While "[t]here is no precise rule or formula" for determining whether a court should, in its discretion, award attorney's fees to a prevailing party, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), a court must give "substantial weight to the objective (un)reasonableness of a losing party's litigating position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 205 (2016). A court should also consider other factors, including the degree of success obtained, frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *See Fogerty*, 510 U.S. at 535 n.19; *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015). "A prevailing party in a copyright action need not prove blameworthiness or exceptional circumstances to be awarded attorney's fees." *Lil' Joe Wein Music*, 2008 WL 2688117, at *4; *see also Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996) ("[E]xceptional circumstances are not a prerequisite to an award of attorneys [sic] fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives.").[2]

---

[2] While "a district court may not 'award[] attorney's fees as a matter of course'" and "must make a more particularized, case-by-case assessment," *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 533), several Circuits have held that, in accord with *Fogerty*, fee awards are "the rule rather than the exception . . ." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *see also Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007); *Vallejo v. Narcos Prods.*

6

An award of attorney's fees under the Copyright Act is warranted here. Not only did Plaintiff's copyright claims fail in their entirety, but they were also objectively unreasonable (indeed, *frivolous*); were improperly motivated; and are exactly the type of baseless claims that a fee award is designed to deter.

### A.    <u>Defendants Obtained Complete Success.</u>

Defendants obtained complete success on the merits of the copyright infringement claims. This factor weighs heavily in favor of awarding fees. *See Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1298 (S.D. Fla. 2015) (awarding fees where defendant prevailed on motion for summary judgment against plaintiffs' copyright infringement claim, finding that "[t]his [factor] weigh[ed] heavily in favor of granting Defendant's attorney's fees—especially given the presumption in favor of awarding prevailing defendants' fees in copyright infringement suits"); *Lil' Joe Wein Music*, 2008 WL 2688117, at *5 (where all of plaintiff's copyright claims were resolved in favor of defendants, this factor "strongly support[ed] an award of attorney's fees" to defendants).

### B.    <u>Plaintiff's Claims Were Objectively Unreasonable and Frivolous.</u>

This important factor weighs substantially in favor of an award of fees. *See Kirtsaeng*, 579 U.S. at 210. A claim may be unreasonable relative to the legal basis or to the underlying facts. *See Forgerty*, 510 U.S. at 534 n.19. Unreasonableness is an objective standard; a plaintiff's subjective ignorance of the law or the facts does not

---

*LLC*, No. 18-23462-CIV, 2020 WL 6815056, at *3 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted*, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020).

negate a finding of unreasonableness. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996). Even if a claim "is not objectively unreasonable at the outset," it "can become so if the litigant continues to pursue it when the litigant knew or should have known that the chance of success was slim to none." *Erickson Prods. Inc. v. Kast*, No. 5:13-cv-05472-HRL, 2016 WL 3951659, at *2 (N.D. Cal. July 22, 2016).

Here, Plaintiff's claims were objectively unreasonable. Plaintiff asserted that Defendants infringed *Forecast* on the basis of generic, unprotectable ideas that flow from the premise of a cataclysmic event destroying Earth and a handful of random, scattered purported similarities. As the Court held, "as a matter of law, no lay person could recognize that the Movie has been appropriated from the Million Day Forecast . . ." Order at 12. In addition, Plaintiff failed even to prove ownership of *Exoplanet* (*id.* at 8-9), showing that his position on that work was objectively unreasonable. *See Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367, 1375 (N.D. Ga. 2005) (holding claims to be objectively unreasonable where plaintiff brought a copyright infringement claim against the defendants despite the fact that he did not own valid copyrights for works sued upon); *Kernel Recs. Oy v. Mosley*, No. 09-21597-CIV, 2013 WL 3762452, at *8-9 (S.D. Fla. July 16, 2013) (finding plaintiff's lawsuit "was not objectively reasonable factually and legally," where plaintiff's suit was "'doomed' and 'over before it began'").

In fact, although a court need not find frivolousness to award fees to the defendant (*see Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987)), Plaintiff's Complaint here **was** frivolous. A claim is considered ***frivolous*** if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (civil rights case); *see Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010); *Victor Elias Photography, LLC v. Ice Portal, Inc.*, No. 19-CV-62173, 2023 WL 2562659, at *4 (S.D. Fla. Mar. 1, 2023), *report and recommendation adopted*, 2023 WL 2560909 (S.D. Fla. Mar. 17, 2023) ("a claim moves from objectively unreasonable to frivolous where the result is obvious or the arguments are entirely without merit") (copyright case); *Corwin v. Walt Disney World Co.*, No. 6:02-cv-1377-Orl-19KRS, 2008 WL 754697, at *6 (M.D. Fla. Mar. 18, 2008) ("[F]rivolousness . . . in copyright cases[] is usually found in cases in which the claimant does not even *own* the copyright in question . . . but sues for infringement nonetheless.") (emphasis in original). Here, the dissimilarities between *Forecast* and the Film are patent. As only one example: Plaintiff attempted to compare Emma Hayes—the 17-year-old high school student protagonist of *Forecast*—to **both** astronomy doctoral candidate Kate Dibiasky (played by Jennifer Lawrence) and President of the United States Janie Orlean (played by Meryl Streep). *See* Dkt. 12. It is readily apparent from the face of the works at issue that Plaintiff's claims lacked any arguable basis, in law or in fact.

9

In any event, whether characterized as objectively unreasonable or frivolous, this is an archetypal case in which an award of fees is warranted. *See, e.g.*, *InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 555 (11th Cir. 2014) (affirming fee award where, *inter alia*, plaintiff's "decision to bring this suit without proof of an element of its prima facie case was objectively unreasonable"); *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) (affirming fee award where district court held, *inter alia*, that "the purpose of general deterrence would be served by awarding fees against a party who had litigated an objectively unreasonable claim, or who had brought a claim in bad faith"); *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994) (where "a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion"); *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *6, 16 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016) (awarding over $900,000 in fees where plaintiff "brought suit and forced Defendants to defend against claims, or at least parts of claims, on which it had no chance of prevailing" and the "suit seems to have been objectively unreasonable" because plaintiff's state law claim was preempted and plaintiff could not otherwise show one of the claims' elements); *Korman v. Iglesias*, No. 18-21028-CIV, 2018 WL 6978693, at *4 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, 2019 WL 127002 (S.D. Fla. Jan. 3, 2019) (awarding attorney's fees because, *inter alia*, plaintiff "failed to support her

pleadings and continue[d] to vigorously pursue a claim lacking any merit"); *Jenkins v. Jury*, No. 5:07-cv-133-Oc-GRJ, 2009 WL 248232, at *3 (M.D. Fla. Feb. 2, 2009) (awarding attorney's fees to the defendant because, *inter alia*, there was a "lack of merit" in the claims); *Amadasun*, 359 F. Supp. 2d at 1376 (awarding attorney's fees to the defendant because, *inter alia*, there was a "lack of evidentiary support" for the plaintiff's claims); *Bernal v. Paradigm Talent & Literary Agency*, No. CV 07-06445 SVW (PLAx), 2010 WL 6397561, at *2, 8 (C.D. Cal. June 1, 2010) (awarding over $200,000 in fees where claims were "objectively unreasonable" and "based on an assumption that had no factual support in the record"); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *2 (S.D.N.Y. Jan. 18, 2000) ("plaintiff's case never had any chance of success because she never presented any basis for concluding either that her work had been available to defendants, or that her work had been unlawfully copied within the meaning of jurisprudence under the Copyright Act. Her action, insofar as it was objectively unreasonable—*i.e.*, lacking in basis—was frivolous.").

### C.    Plaintiff's Motivation in Pursuing This Action Was Improper.

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *Marcus v. ABC Signature Studios, Inc.*, No. 17-cv-00148-RSWL-AJWx, 2017 WL 5592470, at *4 (C.D. Cal. Nov. 20, 2017). Here, Plaintiff's decision to file this action and continue to prosecute it in the face of dispositive legal authority establishing lack of substantial

similarity reveals Plaintiff's improper motivation and bad faith, which further supports an award of fees to Defendants.[3] Defendants' counsel repeatedly informed Plaintiff's counsel why Plaintiff's claims were meritless, both before Plaintiff filed the Complaint (*i.e.*, in their pre-litigation correspondence) and before Defendants filed their Motions to Dismiss (*i.e.*, when counsel met and conferred on March 7, 2025 and again on May 9, 2025, prior to filing the Motions to Dismiss). *See* Evitt Decl., ¶¶ 3, 5, 7-8. Even if Plaintiff did not initially appreciate that his claims lacked merit, defense counsel's June 25, 2024 and August 30, 2024 letters clearly explained why his copyright claims failed under the law. *Id.*, ¶¶ 3, 5, Exs. 2 & 4. Yet, Plaintiff continued to pursue his lawsuit anyway. *See Lil' Joe Wein Music*, 2008 WL 2688117, at *7 ("the questionable motivation" of plaintiff in bringing and continuing the lawsuit is a factor that "militates in favor of" an attorney's fees award); *Cohen v. Va. Elec. & Power Co.*, 617 F. Supp. 619, 623 (E.D. Va. 1985) (if a plaintiff has a losing cause of action yet continues to litigate, "there is no reason why the discretion of the Court should not be exercised to award fees").

---

[3] Even assuming *arguendo* that Plaintiff was merely unrealistically sanguine, such putative "good faith" would not preclude an award of attorney's fees here. *See MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999) (plaintiff's "good faith in bringing its suit was not determinative of the issue of attorney's fees"); *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013) ("At one point, a copyright defendant had to show that the plaintiff's claim was frivolous or made in bad faith in order to be entitled to fees; but no longer."); *Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 3627595, at *2 (N.D. Cal. Aug. 21, 2012) ("blameworthiness is not a prerequisite to awarding fees to a prevailing defendant") (citation omitted).

**D.**     <u>An Award of Fees Will Advance Considerations of Compensation and Deterrence and Further the Purposes of the Copyright Act.</u>

"[T]he critical inquiry in determining whether to award an attorney's fee under Section 505 is whether the award 'will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law [are] demarcated as clearly as possible.'" *Eclipse Sportswire v. Sports Mall, LLC*, No. 8:22-cv-1433-KKM-NHA, 2024 WL 5375499, at *4 (M.D. Fla. Nov. 7, 2024), *report and recommendation adopted sub nom. Eclipse Sportswire v. The Sports Mall*, LLC, 2025 WL 341711 (M.D. Fla. Jan. 30, 2025) (citing *MiTek Holdings Inc.*, 198 F.3d at 842-43); *see also Amadasun*, 359 F. Supp. 2d at 1376 ("potential plaintiffs must be deterred from bringing frivolous and baseless suits"). Here, an award of fees will further the interests of the Copyright Act.

First, the award of fees in this case would serve goals of deterrence and compensation. Plaintiff decided to pursue this lawsuit even after Defendants' counsel informed Plaintiff's counsel that Plaintiff's claims were meritless. *See* Evitt Decl., ¶¶ 3, 5-6. Absent an award of attorney's fees, Plaintiff will suffer no consequences—and Defendants will have been penalized—as a result of Plaintiff's decision to file and pursue his unreasonable lawsuit. Such a result is inequitable and encourages frivolous litigation. *See Katz*, 127 F. Supp. 3d at 1300 (awarding attorney's fees to defendant promoted considerations of compensation and deterrence where plaintiff "continue[d] to vigorously pursue a claim without any merits, in the face of

meritorious defenses"); *Lil' Joe Wein Music*, 2008 WL 2688117, at *8 (awarding fees to defendants because it "will further the interests of the Copyright Act by deterring other plaintiffs from bringing objectively unreasonable actions without making an adequate pre-suit investigation"); *see also Gallagher v. Lions Gate Entm't Inc.*, 2015 WL 6478210, at *3-4 (C.D. Cal. Oct. 27, 2015) (awarding fees; "Even after Defendants provided Plaintiff with a detailed, eleven-page letter outlining Ninth Circuit copyright law and the failings of Plaintiff's arguments, Plaintiff still doggedly pursued his claims. . . . [T]he Court finds such manifest intent to continue a claim in the face of overwhelming conflicting case law objectively unreasonable."); *Marcus*, 2017 WL 5592470, at *5 (fee award warranted on deterrence factor, "especially after 'Defendants were forced to defend against Plaintiff's claims even after pointing out the fatal flaws from which [his] lawsuit suffered'"); *cf. Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("although the plaintiff in this case did not engage in a 'campaign of vexatious litigation,'…the need for deterrence against objectively unreasonable copyright claims is significant").[4]

Defendants' decision to defend against Plaintiff's baseless claim also furthered the Copyright Act's "primary objective" of "encourag[ing] the production of original literary, artistic, and musical expression for the good of the public," and ensured that

---

[4] *See also Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006) (attorney's fees should be awarded to deter plaintiffs "from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose"); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) ("This case presented a straightforward copyright infringement claim that was objectively unreasonable. . . . Failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of any consequences.").

the Film remains available to the public. *See Forgerty*, 510 U.S. at 524; *Vallejo*, 2020 WL 6815056, at *3 (awarding fees furthered the goals of the Copyright Act because "discouraging suits predicated on uncopyrightable ideas and facts will have the effect of encouraging expression"); *see also Scott v. Meyer*, 2010 WL 2569286, at *4 (C.D. Cal. June 21, 2010) ("The successful defense against Plaintiff's copyright infringement claims will assure that [defendant's] literary work remains available to the public, thus furthering the goal of 'stimulat[ing] artistic creativity for the general public good' and perhaps 'lead to further creative pieces.'"); *Amadasun*, 359 F. Supp. 2d at 1376 ("a prevailing defendant's successful defense against a copyright claim aids in establishing the boundaries of infringement and furthers the purpose of 'enriching the general public through access to creative works'"); *Zobmondo Entm't LLC v. Falls Media LLC*, No. CV 06-3459 ABC (JTLx), 2009 WL 202034, at *3 (C.D. Cal. Jan. 23, 2009) ("[B]aseless claims . . . are inimical to the purposes of the Copyright Act. These types of claims, and fear of specious lawsuits, can chill creative expression resulting in the diminution of creative works. An award of attorney's fees would serve as a deterrent for such claims.").

In sum, Defendants should be awarded attorney's fees to compensate for their defense against this frivolous, improperly motivated lawsuit, to deter such conduct by future litigants, and to advance the purposes of the Copyright Act.

## II.    DEFENDANTS SHOULD BE AWARDED ATTORNEY'S FEES FOR THE PREEMPTED STATE LAW CLAIMS.

As stated above, Section 505 of the Copyright Act provides that a court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. An award of attorney's fees is also available to Defendants under Section 505 because Plaintiff's state law claims for unjust enrichment and violation of FDUTPA required construction of U.S. copyright law.

Regardless of how an action is styled, a prevailing party may seek fees "any time the action at hand requires construction of the Copyright Act." *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 361 (9th Cir. 2020), *quoting* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.10[B][1][b]. The Copyright Act, including Section 505, therefore applies to the preempted state-law claims and allows for the discretionary recovery of attorney's fees and costs as to those claims.

In *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 233 (4th Cir. 1993), the complaint alleged only state-law claims, one of which (out of seven) was preempted by the Copyright Act. *See id.* at 230, 233. The Fourth Circuit held that the award of fees under Section 505 was proper: "[W]hen § 301(a) completely preempts a state-law claim, it becomes a federal claim under Title 17. . . . Section 505, therefore, is applicable." *Id.* at 233 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (holding that suit alleging state-law claims that were completely preempted by ERISA "is necessarily federal in character")).

16

Likewise, in *Spear Marketing*, 2016 WL 193586, at *6, the court held that "preemption invokes section 505," and therefore, a court "has discretion to award reasonable attorneys' fees under the Copyright Act" on a preempted state-law claim, noting:

> While the Fifth Circuit has not addressed this issue, it cited favorably to *Rosciszewski*. *GlobeRanger Corp. [v. Software AG]*, 691 F.3d [702,] [] 706 [(5th Cir. 2012)] (describing *Rosciszewski* as a 'thoroughly reasoned opinion'). At least one other circuit court has taken a similar approach. *See, e.g.*, *Domingo Cambeiro Prof'l Corp. v. Advent*, 211 F.3d 1273, 2000 WL 262590 (9th Cir. 2000) (unpublished) (finding preempted state-law claims [for conversion and unjust enrichment] sufficient to invoke 17 U.S.C. § 505).

*Id.* In *Spear Marketing*, the court had dismissed the claims at issue on the merits, but still awarded fees under Section 505 because "had the Court not disposed of all of [plaintiff's] claims on the merits, it likely would have found them preempted." *Id.*; *see also ExperExchange, Inc. v. Doculex, Inc.*, No. C-08-03875 JCS, 2010 WL 1881484, at *3 (N.D. Cal. May 10, 2010) (awarding fees under Section 505 "where the state law claims have been dismissed on the basis of preemption under the Copyright Act"); *cf. Seventh Chakra Films, LLC v. Alesse*, No. 1:21-cv-21286-RS, 2023 WL 7222659, at *3-4 (S.D. Fla. Oct. 15, 2023), *report and recommendation adopted*, 2023 WL 7216079 (S.D. Fla. Nov. 2, 2023) (permitting prevailing party to recover fees under Section 505 in a case involving copyright ownership and the work-made-for-hire doctrine).

Here, Plaintiff's unjust enrichment and FDUTPA claims required construction of the Copyright Act because the Court was required to determine whether such

17

claims were qualitatively different from Plaintiff's copyright claims and thus whether they were preempted. *See* Order at 15-16. Defendants are therefore entitled to recover attorney's fees for defending the state law claims.[5]

## III.    DEFENDANTS SHOULD BE AWARDED ATTORNEY'S FEES INCURRED IN DEFENSE OF THE LANHAM ACT CLAIMS.

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party," including to prevailing defendants. 15 U.S.C. § 1117(a); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1336 (11th Cir. 2001) (affirming award of fees to prevailing defendant). Under the applicable law, the instant case is exceptional, justifying an award of attorney's fees.

"[T]o be an 'exceptional case' under the Lanham Act requires only that a case 'stand out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). District courts analyzing a request for fees under the Lanham Act should examine the totality of the circumstances to determine if the case was exceptional. *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018); *Hard Rock Cafe Int'l USA, Inc. v. RockStar Hotels, Inc.*, No. 17-CV-62013, 2019 WL

---

[5] FDUTPA also provides: "In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." §501.2105(a), Fla. Stat. (2014). On August 26, 2025, Plaintiff filed a Notice of Appeal. Dkt. 54. Defendants therefore reserve their right to seek attorney's fees under FDUTPA following the exhaustion of all appeals, to the extent those fees are not duplicative of fees awarded under the Copyright Act or Lanham Act.

3412155, at *3 (S.D. Fla. May 20, 2019), *report and recommendation adopted*, 2019 WL 3408888 (S.D. Fla. June 4, 2019).

In evaluating whether a case is exceptional, a court will examine the nonexclusive factors identified in the U.S. Supreme Court's decisions in *Octane Fitness* and *Fogerty*. *See Hard Rock Cafe Int'l USA*, 2019 WL 3412155, at *3. As discussed in Section I, *supra*, the *Fogerty* factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of competence and deterrence." 510 U.S. at 534 n.19 (internal quotations and citations omitted). Plaintiff's lawsuit was objectively unreasonable, baseless, and frivolous, and an award of fees to Defendants is justified. *See supra*, Section I. With respect to Plaintiff's false advertising claims under the Lanham Act, the Court found that Plaintiff's claims were "reverse passing off" claims that related to false attribution of authorship and, therefore, that the claims were barred by *Dastar*, 539 U.S. 23 (2003). *See* Order at 13-14. Before filing Defendants' Motions to Dismiss, Defendants' counsel repeatedly informed Plaintiff's counsel of the *Dastar* opinion and why Plaintiff's false advertising claims lacked merit. Evitt Decl., ¶¶ 7-8. Yet, as with his copyright claims, Plaintiff chose to ignore this controlling precedent.

Numerous district courts in the Eleventh Circuit have awarded fees to prevailing defendants in Lanham Act cases. *See, e.g.*, *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, No. 13-21604-CIV, 2017 WL 3610583, at *6 (S.D. Fla. Aug. 11,

2017), *report and recommendation adopted*, 2018 WL 4409885 (S.D. Fla. June 25, 2018) (awarding attorney's fees where "[t]here was nothing in the record to show that a reasonable litigant would have expected success on the merits"); *Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 116 F. Supp. 3d 1290, 1293-94 (N.D. Ala. 2015) (awarding attorney's fees where plaintiff's Lanham Act claims "lacked any merit"); *Vital Pharms., Inc. v. Am. Body Bldg. Prods., LLC*, 510 F. Supp. 2d 1043, 1051-52 (S.D. Fla. 2007) (awarding attorney's fees where plaintiff's conduct rose to level of bad faith). Plaintiff's pursuit of this lawsuit in the face of well-established law makes it an exceptional case warranting an award of attorney's fees.

## <u>CONCLUSION</u>

Defendants respectfully request that the Court grant their Motion and rule that Defendants are entitled to attorney's fees for prevailing on all of Plaintiff's claims.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

On September 2, 2025, the parties met and conferred and discussed

Defendants' Motion for Attorney's Fees via telephone conference and email.

Plaintiff opposes the motion and takes the position that the anticipated attorney's

fees sought are fraudulent, and that the matter should be stayed pending appeal.

Defendants' counsel advised Plaintiff's counsel that his claim that Defendants' fees

are fraudulent is frivolous.

Dated: September 2, 2025      Respectfully Submitted,

By: /s/Rachel E. Fugate
Rachel E. Fugate (Florida Bar No. 144029) Robert H. Rotstein (*Pro Hac Vice*)
Yelan Escalona (Florida Bar No. 1031564) Emily F. Evitt (*Pro Hac Vice*)
               Rebecca Benyamin (*Pro Hac Vice*)
 **Shullman Fugate PLLC**      **Mitchell Silberberg & Knupp LLP**
100 South Ashley Dr., Suite 600    2049 Century Park East, 18th Floor
Tampa, FL 33602        Los Angeles, CA 90067-3120
Telephone: (813) 935-5098     Telephone: (310) 312-2000
E-mail:  rfugate@shullmanfugate.com;  Email: rxr@msk.com; efe@msk.com;
yescalona@shullmanfugate.com    r1e@msk.com
*Counsel for Defendants*       *Counsel for Defendants*