DARREN HUNTER,

        Plaintiff,

v.                              Case No:  6:25-cv-360-GAP-NWH

NETFLIX, INC., ADAM MCKAY,
DAVID SIROTA and HYPEROBJECT
PRODUCTIONS, INC.,

        Defendants

---

## ORDER

This cause came before the Court for consideration without oral argument on Plaintiff's Second Renewed Motion to Stay Defendants' Motion for Attorney's Fees and Motion for Leave to File Response to Defendants' Fees Motion. *See* Doc. 66. The Court also considered Defendants' Response in Opposition. *See* Doc. 67.

### I.    Background

On August 19, 2025, the Court granted the Motions to Dismiss filed by Defendants Netflix, Adam McKay, David Sirota, and Hyperobject Productions, Inc. ("Defendants") (*see* Doc. 12; Doc. 36), dismissing the Complaint with prejudice. *See* Doc. 51. On August 26, 2025, Plaintiff Darren Hunter ("Plaintiff") appealed the Court's August 19, 2025 Order. *See* Doc. 54. On September 2, 2025, Defendants filed

a Motion for Attorney's Fees ("Fees Motion") in light of the Court's dismissal of the Complaint. *See* Doc. 56. Despite being granted two unopposed extensions to file a response to Defendants' Fees Motion (*see* Doc. 59; Doc. 61), Plaintiff failed to timely respond by October 10, 2025. *See* Doc. 61.

Instead, on October 20, 22, and 24, 2025, Plaintiff moved to stay consideration of the Fees Motion pending the outcome of Plaintiff's appeal, or, in the alternative, for leave to file a late response to Defendants' Fees Motion.[1] *See* Doc. 66. In his Motion, Plaintiff contends that a stay of the Fees Motion would cause no prejudice because the appeal's briefing schedule has been set and there is a likelihood of success on the merits. *See id.* at 1-2. In the alternative, he requests leave to file a late response because he inadvertently missed the Court's deadline due to his associate's cross-country move. *See id.* at 9-10. On November 7, 2025, Defendants filed their Response, arguing that Plaintiff failed to establish grounds for a stay, and good cause or excusable neglect for an extension. *See* Doc. 67.

---

[1] The Court denied Plaintiff's October 20 and 22, 2025 Motions due to his failure to comply with the Local Rule 3.01(g). *See* Doc. 63; Doc. 65.

## II.    Analysis

### A.    Motion to Stay Consideration of the Fees Motion

A stay is "an exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations and alterations omitted). In assessing whether to grant a stay pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425-26. "The first two factors of the traditional standard are the most critical . . . . it is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* at 434. Moreover, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

Here, Plaintiff has not shown that a stay of the Fees Motion is warranted in this case. First, Plaintiff has not established that his appeal is likely to succeed on the merits. In support of this factor, Plaintiff has, yet again, replicated the same chart from the Complaint, without presenting any new arguments in support of his position. *See* Doc. 66 at 4-8. Plainly, Plaintiff's recycled arguments fall woefully short of establishing a likelihood of success on the merits.

Second, Plaintiff has failed to show that he would be irreparably injured absent a stay. He has had ample opportunity to respond to Defendants' Fees Motion, so the "resources" that he claims would be expended in the absence of a stay are not enough to establish irreparable injury. *See In re Melbourne Beach, LLC*, No. 6:19-cv-1491-Orl-41, 2019 WL 13189459, at *5 (M.D. Fla. Nov. 5, 2019) ("Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough to establish irreparable damage.") (alterations omitted); *see also* Doc. 66 at 2.

Third, the issuance of a stay would unnecessarily delay resolution of Defendants' Fees Motion and cause undue prejudice to Defendants, especially when Plaintiff has failed to establish a substantial likelihood of success or irreparable injury here. *See In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1339 (S.D. Fla. 2020) (denying a motion to stay and noting that a delay in resolution would be inherently prejudicial because the movant had failed to show either a substantial likelihood of success or irreparable injury).

Fourth, the public interest is best served by not issuing a stay. *See King Cole Condo. Ass'n Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010) ("The Court's regular practice . . . is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit. The pending motion has shown no good cause why

that practice should not be followed in this case."). As such, Plaintiff's Motion to Stay will be denied.

### B. Motion for Leave to File Late Response

If a deadline has already passed, a movant seeking an extension must demonstrate not only good cause, but also excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). "To determine if there was excusable neglect, the court considers the following factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* at 685-86 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Plaintiff does not show good cause or excusable neglect for missing the Court's deadline. Plaintiff's counsel attributes the missed deadline to the cross-country move of his sole associate, whose work computer and calendar were allegedly inaccessible because they were "shipped on a much slower than expected moving truck" near the Court's deadline. *See* Doc. 66 at 9-10.

Yet, Plaintiff's counsel has not demonstrated that he acted with the requisite diligence to ensure that he would have met the Court's deadline. *See Ward v. Anixter*, No. 1:21-CV-0468-SEG, 2023 WL 11909432, at *16 (N.D. Ga. Oct. 17, 2023). As Defendants rightly point out, counsel's justification ignores the ubiquitous presence of tools, such as smartphones, tablets, and virtual desktop programs, that would have alerted him to the Court's deadline. *See* Doc. 66 at 9-10; Doc. 67 at 4. Neither does counsel explain why he himself, as lead counsel, did not take steps to meet the Court's deadline. *See* Doc. 66 at 9-10; Doc. 67 at 4-5.

Plaintiff's justification is also wholly inexcusable here. *See Ward*, 2023 WL 11909432, at *17. The Court cannot credit counsel's failure to properly plan for his associate's cross-country move, especially when he requested an extension the day before it took place. *See* Doc. 66 at 9-10. As such, Plaintiff's request for leave to file a late response will be denied.[2]

---

[2] Notwithstanding the Court's denial, the Court will consider the unauthorized response that Plaintiff included in the instant Motion when it rules on Defendants' Fees Motion. *See* Doc. 66 at 2-9 (Plaintiff's Response in Opposition to Defendants' Fees Motion).

### III. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. 66) is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2025.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record