**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DARREN HUNTER,

        Plaintiff,

v.                                        Case No:   6:25-cv-360-GAP-NWH

NETFLIX, INC., ADAM MCKAY,
DAVID SIROTA and HYPEROBJECT
PRODUCTIONS, INC.,

        Defendants.

---

## ORDER

This cause came before the Court for consideration without oral argument on Defendants' Motion for Attorney's Fees. Doc. 56; Doc. 57. The Court also considered Plaintiff's unauthorized Response.[1] *See* Doc. 66 at 2-9. For the reasons set forth below, the Motion is due to be granted.

---

[1] Plaintiff included an unauthorized Response in his Second Renewed Motion to Stay Defendants' Motion for Attorney's Fees and Motion for Leave to File Response to Defendants' Fees Motion. *See* Doc. 66. Although the Court denied Plaintiff's Motion on November 13, 2025, it still considered Plaintiff's Response when ruling on the instant Motion. *See* Doc. 68 at 6 n.2.

## I. Background

On December 5, 2024, Plaintiff Darren Hunter ("Plaintiff") filed suit against Defendants Netflix, Adam McKay, Scott Stuber, David Sirota, and Hyperobject Productions (collectively, the "Defendants"), alleging claims for copyright infringement and unjust enrichment, along with violations of the Lanham Act and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").[2] *See generally* Doc. 1-2. Plaintiff's Complaint alleged that Defendants unlawfully copied and exploited original elements from Plaintiff's books, THE MILLION DAY FORECAST ("Million Day Forecast") and THE MILLION DAY FORECAST AND THE DARK EXOPLANET ("Exoplanet"), in their film, DON'T LOOK UP (the "Movie," collectively with the Million Day Forecast and Exoplanet, the "Works"). *See* Doc. 1-2 at 1.

Defendants moved to dismiss the Complaint on March 10, 2025 and May 12, 2025, primarily arguing for the dismissal of all claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.[3] Doc. 12; Doc. 36. The

---

[2] On May 9, 2025, Plaintiff filed a notice of voluntary dismissal without prejudice, dismissing Defendant Stuber from the case, which the Court granted on May 12, 2025. *See* Doc. 34; Doc. 35.

[3] Defendants filed two separate motions to dismiss. Defendant Netflix filed its motion to dismiss on March 10, 2025. Doc. 12. Defendants Adam McKay, David Sirota, and Hyperobject Productions (collectively, "Creator Defendants") filed their motion to dismiss on May 12, 2025. Doc. 36. In addition to their Rule 12(b)(6) argument, Creator Defendants in their motion to dismiss also argued in the alternative that the Court should have dismissed the case pursuant to Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. *Id.*

Court granted Defendants' Motions to Dismiss, dismissing the case with prejudice, after finding that Plaintiff had failed to state a plausible claim in the Complaint (the "Order").[4] *See generally* Doc. 51. Plaintiff appealed the Court's Order on August 26, 2025 (Doc. 54), which is still pending.

On September 2, 2025, Defendants filed the instant Motion for Attorney's Fees (Doc. 56), along with the Declaration of Emily F. Evitt in support of their Motion (Doc. 57). In their Motion, Defendants argue that, as the prevailing parties in this action, they are entitled to attorney's fees and costs under: (1) 17 U.S.C. § 505 because Plaintiff's copyright claims were objectively unreasonable, improperly motived, and represented the type of baseless claims that a fee award is designed to deter *(see* Doc. 56 at 5-15); and (2) 15 U.S.C. § 1117(a) because Plaintiff's Lanham Act claims represent an "exceptional" case (*see id.* at 18-20). Defendants also contend that § 505 covers Plaintiff's preempted state law claims. *See id.* at 16-18. In response, Plaintiff argues that his claims were not frivolous nor brought in bad faith, and that this is not an exceptional case, and therefore Defendants are not entitled to fees. Doc. 66 at 2-9. This matter is now ripe for adjudication.

---

[4] The Court declined to address Creator Defendants' alternative theories of dismissal for lack of personal jurisdiction and improper venue. *See* Doc. 51 at 16 n.7.

## II. Analysis

### A. Copyright Infringement Claims

The Copyright Act authorizes courts to award reasonable attorney's fees and costs to the prevailing party in a copyright infringement claim. 17 U.S.C. § 505.[5] The decision to award fees under § 505 lies within the "equitable discretion" of the Court. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). When making this determination, courts consider the following nonexclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 534 n.19. The application of such factors must ultimately be "faithful to the purposes of the Copyright Act" and "applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id*.

Defendants first contend that they are entitled to an award of fees under § 505 for successfully defending against Plaintiff's claims because his claims failed in their entirety, were objectively unreasonable, were improperly motivated, and

---

[5] The applicable section provides as follows:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

represent the type of baseless claims that a fee award is designed to deter. *See* Doc. 56 at 5-15. Plaintiff, on the other hand, argues that his claims were neither frivolous nor brought in bad faith, and buttresses his position on his belief that the Order is "likely" to be reversed on appeal. *See* Doc. 66 at 3-9.

### 1.   Defendants' Success

As a threshold matter, to be entitled to attorney's fees under § 505, Defendants must show that they were the "prevailing" parties in the case. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982). Here, it is undisputed that Defendants completely prevailed against Plaintiff's copyright claims when the Court dismissed the claims with prejudice, finding that: (1) Plaintiff had not established ownership of a valid copyright as it relates to Exoplanet; and (2) as a matter of law, no lay person could recognize that the Movie had been appropriated from the Million Day Forecast. *See* Doc. 51 at 8-9, 12. In fact, Defendants' total success strongly supports an award of fees here. *See Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1298 (S.D. Fla. 2015) (holding that the degree of success obtained weighs "heavily in favor of granting" fees); *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *5 (S.D. Fla July 1, 2008) (holding that total and complete success in case "strongly supports" award of fees).

### 2. Frivolousness and Objective Unreasonableness of Positions

Plaintiff's case was objectively unreasonable, if not frivolous, and weighs heavily in favor of awarding fees to Defendants. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 208-09 (2016) (holding that a district court can give "'substantial weight' to the reasonableness of a losing party's litigating positions" as long as it takes into account all other relevant factors).

To begin with, Plaintiff advanced his copyright claims without satisfying the statutory prerequisites for establishing ownership of a valid copyright in Exoplanet—one of the two Works on which his claims are based. *See* Doc. 51 at 6-9. Although a finding of a frivolous suit is not a prerequisite for awarding fees (*see Original Appalachian*, 684 F.2d at 832), asserting a copyright claim for a work that Plaintiff has not shown that he owns, and is therefore not entitled to copyright protection, is frivolous. *See Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367, 1373 (N.D. Ga. 2005) (finding a copyright claim frivolous when plaintiff did not own valid copyrights for some of his works). Likewise, "[b]eginning a claim without the prerequisites necessary to prove merit [is also] objectively unreasonable." *Kernel Records Oy v. Mosley*, No. 19-21597-CIV, 2013 WL 3762452, at *9 (S.D. Fla. July 16, 2013).

Moreover, from the face of the Works, it was also clear that Plaintiff's claims lacked any arguable basis in fact or law and were therefore objectively unreasonable. *See Amadasun*, 359 F. Supp. 2d at 1375-76. A plain review of the Works showed that the Million Day Forecast was an entirely different work from the Movie. Doc. 51 at 11-12. And binding precedent dictates that charts that catalogue "random similarities," like the one that Plaintiff relied on—and (astonishingly) continues to rely on (*see, e.g.,* Doc. 66 at 4-8)—are "inherently subjective and unreliable" because "at the broadest of abstraction[, two works] will almost always appear identical," as was the case here. Doc. 51 at 11 ("The similarities listed in Plaintiff's chart stemmed from broad uncopyrightable ideas that are typical of works that center around the Earth's destruction."). Plaintiff's asserted positions and slim evidentiary support beg the Court to conclude that his claims were objectively unreasonable, if not frivolous.

### 3. Plaintiff's Motivation

Defendants contend that Plaintiff's decision to file and continue to prosecute this action—despite dispositive legal authority establishing lack of substantial similarity and Defendants' repeated warnings that Plaintiff's claims lack merit—reveals improper motivation and bad faith. *See* Doc. 56 at 11-12. Plaintiff, on the other hand, argues that it was his duty to advocate on behalf of his client and having done so does not evidence bad faith. *See* Doc. 66 at 9.

The Court is skeptical of Plaintiff's motivation for filing suit when Plaintiff's claims lacked any arguable basis in fact or law, as noted in the Court's analysis of frivolousness and objective unreasonableness. *See supra* § II.A.2. However, Plaintiff's behavior here does not warrant a finding of bad faith.[6] *See, e.g., Lil' Joe Wein Music,* 2008 WL 2688117, at *6-*7 (finding bad faith when plaintiff's trial counsel repeatedly stated during litigation that if defendant's album had not done well, suit would not have been brought); *Amadasun*, 359 F. Supp. 2d at 1374 (finding bad faith when plaintiff's actions caused a lengthy and contentious discovery period); *Kernel Records Oy*, 2013 WL 3762452, at *7-*8 (finding bad faith when plaintiff brought claim based on same facts that had already been rejected in a foreign jurisdiction). Indeed, Defendants, as the "prevailing" parties, are not required to show bad faith to be entitled to an award. *See Original Appalachian*, 684 F.2d at 832. This factor nevertheless weighs slightly in favor of Defendants.

### 4. Considerations of Compensation and Deterrence

Lastly, an award of fees to Defendants would advance the Copyright Act's considerations of compensation and deterrence. Because "[t]hese considerations are intertwined with the reasonableness or frivolousness of the parties' positions, as

---

[6] Even so, the Court is troubled by the most recent suspension of Plaintiff's counsel from practice, raising significant questions about Plaintiff's conduct here. *See Fla. Bar v. Klayman*, No. SC2023-1219 (Fla. Nov. 6, 2025), https://acis.flcourts.gov/portal/court/68f021c4-6a44-4735-9a76-5360b2e8af13/case/82704956-68ea-469f-90a5-f9203ce705eb.

well as their motivation in litigating the dispute," this factor weighs in favor of an award to Defendants. *See Vallejo v. Narcos Prod. LLC*, No. 18-23462-CIV-SMITH/LOUIS, 2020 WL 6815056, at *3 (S.D. Fla. Aug. 24, 2020).

Here, an award of fees will "deter[] other plaintiffs from bringing objectively unreasonable actions without making an adequate pre-suit investigation." *See Lil' Joe Wein Music,* 2008 WL 2688117, at *8. It will also "encourage[e] defendants to pursue their meritorious defenses to copyright infringement claims" (*see Katz*, 127 F. Supp. 3d at 1300), aid in "establishing the boundaries of infringement," and further "the purpose of enriching the general public through access to creative works." (*see Amadasun*, 359 F. Supp. 2d at 1376 (internal quotations and citations omitted)).

Accordingly, after considering the above factors, the Court will grant Defendants an award of fees and costs for successfully defending against Plaintiff's copyright claims.

### B. Preempted State Law Claims

Defendants contend that, because the Court was required to interpret the Copyright Act to determine that Plaintiff's unjust enrichment and FDUPTA claims were preempted, they are entitled to fees under § 505. *See* Doc. 56 at 16-18. The Court agrees with Defendants.

Section 505 permits an award of fees for any "civil action under this title," *i.e.*, the Copyright Act. 17 U.S.C. § 505. Moreover, it is well-settled that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Therefore, because Plaintiff's unjust enrichment and FDUPTA claims were preempted by the Copyright Act (*see* Doc. 51 at 14-16), § 505 applies, and Defendants are entitled to recover fees related to their defense for the reasons stated above. *See Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 233 (4th Cir. 1993) (holding that § 505 is applicable when § 301(a) completely preempts a state law claim and therefore becomes a federal claim under Title 17); *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *5-*6 (N.D. Tex. Jan. 14, 2016) (concluding that the court had discretion to award reasonable attorneys' fees under the Copyright Act for preempted state law claims).[7]

### C. Lanham Act Claims

Defendants lastly argue that they should be awarded fees for defending against Plaintiff's Lanham Act claims because this is an exceptional case and cites,

---

[7] Neither the parties nor the Court have identified binding Eleventh Circuit precedent on this point. *See* Doc. 56 at 16-18. In the absence of such precedent, the Court finds the cited authority persuasive.

in support, Plaintiff's pursuit of the claims despite well-established, contrary law. Doc. 56 at 18-20. Plaintiff responds, albeit in conclusory fashion, that Defendants are not entitled to fees because this is not an exceptional case. *See* Doc. 66 at 9.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to [a] prevailing party." 15 U.S.C. § 1117(a). To be exceptional, a case need only "'stand[] out from the others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

"Whether a particular case stands out from the others [is within] the discretion of district courts, considering the totality of the circumstances." *Tobinick*, 884 F.3d at 1117. Under this framework, the Court considers the following nonexclusive factors: frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *See Octane Fitness*, 572 U.S. at 554 (citing to the *Fogerty* factors when noting that district courts should consider the totality of the circumstances for determining exceptionality).

Here, considering the totality of the circumstances, Plaintiff's claims stand out as exceptional. Like with his copyright claims, had Plaintiff done his due diligence, he would have realized that his litigation position was objectively unreasonable. Supreme Court precedent squarely barred his Lanham Act claims.

*See* Doc. 51 at 13-14. Because Plaintiff's litigation position was objectively unreasonable, Defendants are entitled to an award of fees here. *See Fla. Int'l Univ. Bd. of Tr. v. Fla. Nat'l Univ.*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2017 WL 3610583, at *4-*6 (S.D. Fla. Aug. 11, 2017) (granting fees when plaintiff's case was objectively unreasonable because "there was nothing in the record to show that a reasonable litigant would have expected success on the merits").

### III.  Conclusion

Accordingly, it is **ORDERED** that Defendants' Motion (Doc. 56) is hereby **GRANTED**. Consideration of the amount shall be deferred until after the pending appeal is decided.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 12 -